JED S. BUCHWALD

'07 CIV

FILE COPY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AMERICAN EXPRESS MARKETING &  )
DEVELOPMENT CORP.  )
(a Delaware corporation),  )
AMERICAN EXPRESS COMPANY  )
(a New York corporation)  )
  )   Civil Action No.:
  )
Plaintiffs,  )
  )   COMPLAINT
v.  )
  )
JAMES HAROLD SPURLIN (an individual),  )
  )
Defendant.  )
  )

RECEIVED
AUG 16 2007
U.S.D.C. S.D. N.Y.
CASHIERS

Plaintiffs, American Express Marketing & Development Corporation and American

Express Company (collectively "American Express"), by their attorneys Greenberg Traurig,

L.L.P., allege against Defendant, James Harold Spurlin ("Defendant"), as follows:

## THE PARTIES

1.      American Express Marketing & Development Corporation is a Delaware

corporation having its principal place of business at 200 Vesey Street New York, New York

10285.

2.      American Express Company is a New York corporation having its principal place

of business at 200 Vesey Street New York, New York 10285.

3.      On information and belief, Defendant is a resident of Myrtle Beach, South

Carolina.  On information and belief, Defendant operates American Xpress Mortgage, which is

principally located at  3721 Wesley Street, Suite 123, Myrtle Beach, South Carolina 29579, as a

sole proprietorship.  On information and belief, Defendant acts as owner and operator of

American Xpress Mortgage and exerts personal control over, directs, controls, ratifies and

sanctions the business activities of American Xpress Mortgage and is personally liable for its actions.

## JURISDICTION AND VENUE

4.    Count I herein arises under the laws of the United States prohibiting infringement of federally registered trademarks, specifically the Lanham Act, 15 U.S.C. § 1114. Count II is for false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a). Count III is for unlawful dilution in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c). Counts IV through VII arise under the laws of the State of New York prohibiting unfair competition and trademark infringement.

5.    This Court has jurisdiction over the subject matter of this Complaint based on 28 U.S.C. §§ 1331, 1367 and 1338(a), as federal questions are presented. This Court also has jurisdiction over the subject matter of this Complaint based on 28 U.S.C. §1332(a) as the parties are citizens of different states and the amount in controversy exceeds $75,000 exclusive of interest and costs. This Court has jurisdiction over Counts IV through VII of this Complaint, jurisdiction being conferred in accordance with 28 U.S.C. § 1367 and § 1338(b).

6.    Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) as American Express is located in this district, and it is believed that Defendant owns and operates an interactive website accessible in this district, provides services through agents located in the district, thus offering services under the mark at issue to consumers in this district, and has thereby committed the acts of infringement, false designation of origin and unfair competition complained of herein in this district, and has caused injury to American Express in this district. In light of the above, this Court also has personal jurisdiction over Defendant regarding the claims set forth in this Complaint.

## AMERICAN EXPRESS, ITS BUSINESS AND ITS MARKS

7.    American Express is one of the largest financial and travel service companies in the United States with over 78 million holders of its credit cards and over $27 billion in annual revenue from its varied services.

8.    American Express is a very well-known corporation with a significant local presence in the State of New York, having its principal place of business located in New York City.

9.    American Express began using its famous AMERICAN EXPRESS trade name and mark in at least as early as 1850.  Since that time, American Express has also adopted and uses a family of numerous marks that incorporate the AMERICAN EXPRESS mark, or variations thereof, along with other letters or terms, in connection with its extensive financial and travel services, and services related thereto.  Representative samples of such marks include but are not limited to the following:  BLUE FROM AMERICAN EXPRESS, ONE FROM AMERICAN EXPRESS, CLEAR FROM AMERICAN EXPRESS, OPEN FROM AMERICAN EXPRESS, AMERICAN EXPRESS BANK, AMERICAN EXPRESS BILL PAY, AMERICAN EXPRESS COMPANY.

10.    American Express offers a variety of financial and related services in connection with its famous AMERICAN EXPRESS family of marks, including but not limited to gift card, charge card, credit card, smart card and stored value card services, banking, and insurance.

11.    American Express' famous AMERICAN EXPRESS mark is prominently affixed to all of American Express' AMERICAN EXPRESS branded credit cards, is prominently affixed to most documents relating to American Express' AMERICAN EXPRESS financial and travel services, and is otherwise used in the sale and advertising of its services.

12.     American Express advertises, promotes and sells its services offered in connection with the famous AMERICAN EXPRESS family of marks via its website at www.americanexpress.com which receives over 17 million unique visits per month.

13.     American Express has and continues to extensively promote, advertise, and use the famous AMERICAN EXPRESS family of marks in a variety of media throughout the United States and has continuously used the marks to distinguish its services from those offered by others.  American Express extensively advertises and promotes its AMERICAN EXPRESS family of marks, including in television, radio and print advertisements, emails, e-newsletters, statement inserts, and on brochures available at merchant sites.  American Express' AMERICAN EXPRESS branded services are also routinely featured in articles and reviews in print and online publications.

14.     American Express has invested extensively in creating, promoting, and maintaining the goodwill associated with its famous AMERICAN EXPRESS family of marks. American Express has spent considerable time and money in advertising and promoting its services offered in connection with its AMERICAN EXPRESS family of marks.  In 2006, American Express spent in excess of $6.5 billion in marketing, promotion, rewards, and card member services worldwide.

15.     As a result of American Express' substantial advertising and promotional efforts for the services offered in connection with its AMERICAN EXPRESS family of marks, as well as its dedication to providing quality services, American Express has secured the recognition, high regard, and goodwill of the general public and customers.  The AMERICAN EXPRESS mark has been adjudicated a famous mark in court decisions, including, *American Express Company v. Lyons, d/b/a American Express et. al.*, 193 USPQ 96 (E.D. CA 1976) and *American*

*Express Co. v. South American Express Inc.*, 207 USPQ 893 (C.D. CA 1980), and functions to

signify services originating exclusively from American Express. This success is evidenced by

the tremendous revenues realized by American Express in connection with the sale of its

AMERICAN EXPRESS brand services, in excess of $27 billion in 2006 alone.

16.    To protect its famous AMERICAN EXPRESS family of marks, American

Express has sought and obtained federal registrations for its marks, including but not limited to,

the following:

| Mark | Reg. No. | Reg. Date | Goods/Services |
|------|----------|-----------|----------------|
| AMERICAN EXPRESS | 1024840 | November 11, 1975 | Computerized credit authorization, convention and meeting arrangement services and real estate management services.<br><br>Financial and financially related services-namely, credit card services, traveler's check services, money order services, international banking services, investment banking services, military banking services, financial services for travelers, foreign remittance services, electronic funds transfer services, mutual fund investment services and insurance underwriting services.<br><br>Travel services-namely, ticket and tour arrangements, transportation, tour and sightseeing reservation services.<br><br>General merchandise mail order services and hotel services. |
| AMERICAN EXPRESS | 1032516 | February 3, 1976 | Financial services for travelers-namely, traveler's check services, money order services, credit card services and foreign remittance services.<br><br>Travel agency services-namely, ticket and tour arrangements; tour and |

| Mark | Reg. No. | Reg. Date | Goods/Services |
|------|----------|-----------|----------------|
| | | | sightseeing reservation services. Retail general merchandise mail order services; motel reservation services. |
| AMERICAN EXPRESS | 1230270 | March 8, 1983 | Charging Purchases at Subscribing Establishments and Making Collections for Such Purchases Through Central Systems. |
| AMERICAN EXPRESS | 2615708 | September 3, 2002 | Financial services, namely, providing credit card, debit card, charge card and stored value smart card services; electronic funds and currency transfer services, electronic payments services, namely, electronic processing and transmission of bill payment; cash disbursement services, and transaction authorization and settlement services; travelers check issuance services, money order services, and international banking services, investment banking services, military banking services; financial services for travelers, namely, foreign remittance services; mutual fund investment services, and credit card, purchase protection, travel accident insurance underwriting services; providing an interactive web site featuring information in the field of financial services; computerized credit card verification; electronic cash transactions. |
| AMERICAN EXPRESS | 2709658 | April 22, 2003 | Financial services, namely, providing credit card, debit card, charge card and stored value smart card services; electronic funds and currency transfer services, electronic payments services, namely, electronic processing and transmission of bill payment; cash disbursement services, and transaction authorization and settlement services; travelers check |

| Mark | Reg. No. | Reg. Date | Goods/Services |
|---|---|---|---|
| | | | issuance services, money order services, and international banking services, investment banking services, military banking services; financial services for travelers, namely, foreign remittance services; mutual fund investment services, and credit card, purchase protection, travel accident insurance underwriting services; providing an interactive web site featuring information in the field of financial services; computerized credit card verification; electronic cash transactions. |
| AMERICAN EXPRESS | 3045251 | January 17, 2006 | Charge card and credit card services. |
| AMERICAN EXPRESS | 3157593 | October 17, 2006 | Periodic magazines, newsletters, brochures and leaflets dealing with travel, dining and hotels. Promoting the sale of goods and services of others by awarding purchase points for credit card use. Financial services, namely, charge and credit card services; travelers check issuance and financing services related thereto; money order services; international banking services; military banking services; electronic funds transfer and bill payment processing services; life, health and accident insurance underwriting services; insurance administration and insurance claims processing services; computerized credit authorization and financial risk management services. Travel agency services, namely, ticket and tour arrangements; tour and sightseeing reservation services; organizing of tours; arranging the transportation of passengers by land, |

| Mark | Reg. No. | Reg. Date | Goods/Services |
|---|---|---|---|
| | | | air and water; personal tour guide services and tour information; cargo handling in the nature of handling of passengers' luggage and arranging baggage transfer; arranging for automobile and bus rentals. Making hotel reservations for others; reservation of hotel rooms for travelers. |
| AMERICAN EXPRESS @ WORK | 2411806 | December 12, 2000 | Business management consultation services via a global computer network. |
| AMERICAN EXPRESS BANK | 2766927 | September 23, 2003 | Banking services. |
| AMERICAN EXPRESS BENEFITS PLUS | 3204633 | January 30, 2007 | Bill payment services. |
| AMERICAN EXPRESS BUSINESS | 2506124 | November 13, 2001 | Charge and credit card services. |
| AMERICAN EXPRESS CARDS WELCOME | 1724234 | October 13, 1992 | Charge card services. |
| AMERICAN EXPRESS COMMUNITY BUSINESS | 2623485 | September 24, 2002 | Charge card and credit card services. |
| AMERICAN EXPRESS COMPANY | 1288141 | July 31, 1984 | Traveler's Cheque Services-Namely, the Issuance and Redemption of Traveler's Cheques. |
| AMERICAN EXPRESS CORPORATE AMERICAN EXPRESS WORLD SERVICE | 1622856 | November 13, 1990 | Charge card services. Travel agency services for business travel, namely, ticket and tour services. Hotel and motel reservation services. |
| AMERICAN EXPRESS CUSTOMER CARE | 2587728 | July 2, 2002 | Business information services, namely, generating customized customer satisfaction reports for others; computerized database management and document |

| Mark | Reg. No. | Reg. Date | Goods/Services |
|---|---|---|---|
| | | | management services for others, namely, document storage; retrieval, classification, tracking, indexing and reproduction. |
| AMERICAN EXPRESS HEALTHPAY PLUS | 3209744 | February 13, 2007 | Bill payment services. |
| AMERICAN EXPRESS HOME REGISTRY | 2437508 | March 20, 2001 | Compiling inventories of personal items for insurance claims for others. |
| AMERICAN EXPRESS ONE | 2338220 | April 4, 2000 | Travel agency services, namely, making reservations and bookings for temporary lodging. Travel agency services, namely, making reservations and bookings for transportation; travel booking agencies; travel information services; arranging travel tours. |
| AMERICAN EXPRESS ONE | 2808620 | January 27, 2004 | Financial services, namely, financial analysis and consultation, financial management, financial planning, investment banking services, on-line banking services, credit card and charge card services. |
| AMERICAN EXPRESS PLATINUM FINANCIAL SERVICES | 2604346 | August 6, 2002 | Investment advice services and financial management services. |
| AMERICAN EXPRESS SELECTS | 3136643 | August 29, 2006 | Credit card services. |
| AMERICAN EXPRESS TRAVELERS CHEQUE | 1958496 | February 27, 1996 | Traveler's cheque services, namely the issuance and redemption of traveler's Cheques. |
| AMERICAN EXPRESS WORLD SERVICE | 1178455 | November 17, 1981 | Charge Card Services-Namely, Charge Privileges for the Purchase of Goods and Services at Participating Establishments. |
| AMERICAN EXPRESS | 3249977 | June 5, 2007 | Travel agency services, namely, making reservations and bookings for |

| Mark | Reg. No. | Reg. Date | Goods/Services |
|---|---|---|---|
| WORLD SERVICE | | | transportation. Travel agency services, namely, making reservations and booking for temporary lodging and restaurants and meals. |
| BLUE FROM AMERICAN EXPRESS | 2645207 | November 5, 2002 | Financial services, namely, providing credit card, debit card, charge card, and stored value and smart card services; electronic funds and currency transfer services, electronic payments services, namely, electronic processing and transmission of bill payment; cash disbursement services, and, transaction, authorization and settlement services, namely, credit card verification; travelers check issuance services, money order services, and international banking services, investment banking services, military banking services, and financial services for travelers, namely, financial exchange and transfer of electronic funds; mutual fund investment services, and credit card purchase protection, namely, potential reimbursement of funds for disputed items; providing an interactive web site featuring information in the field of financial services; computerized credit card verification; electronic cash transactions. Arranging travel tours as a bonus program for credit card customers; travel agency services, namely, transportation reservation services. Computer security services, namely, providing secured transaction and online security services over a global computer network to ensure the security, authentication and verification of online financial transactions; travel agency services, |

| Mark | Reg. No. | Reg. Date | Goods/Services |
|---|---|---|---|
| | | | namely, making reservations and bookings for temporary lodging. |
| BUTTERFLY FROM AMERICAN EXPRESS | 3086556 | April 25, 2006 | Financial services, namely, charge card and credit card services. |
| CHARGE AGAINST HUNGER AMERICAN EXPRESS | 2050430 | April 8, 1997 | Charge card services and credit card services and eleemosanary services in the nature of fundraising for charities. |
| CLEAR FROM AMERICAN EXPRESS | 3111912 | July 4, 2006 | Financial services, namely credit card services. |
| EACCESS FROM AMERICAN EXPRESS BANK | 2885089 | September 14, 2004 | On-line banking services. |
| EXPRESSPAY FROM AMERICAN EXPRESS | 3203758 | January 30, 2007 | Electronic payment, namely, electronic processing and transmission of bill payment data. |
| ONE FROM AMERICAN EXPRESS | 3109321 | June 27, 2006 | Financial services, namely, charge card and credit card services. |
| OPEN FROM AMERICAN EXPRESS | 3096365 | May 23, 2006 | Financial services, namely credit and charge card services. |

By virtue of these registrations, under the Lanham Act, 15 U.S.C. §§ 1057(b) and 1115,

American Express has the exclusive right to use of these registered marks. Lanham Act, 15

U.S.C. §1115(b).

17. Furthermore, many of these registrations have become incontestable under the

Lanham Act, 15 U.S.C. § 1065, and thus serve as conclusive evidence of the validity of the

mark, American Express' ownership of the mark, and American Express' exclusive right to use

the registered mark. Lanham Act, 15 U.S.C. § 1115(b).

### DEFENDANT, JAMES SPURLIN, AND HIS INFRINGING ACTIONS

18.    Long after American Express began advertising and selling its services under the famous AMERICAN EXPRESS family of marks, Defendant, without authorization from American Express, adopted and began utilizing "AMERICAN XPRESS MORTGAGE" which is virtually identical and confusingly similar to American Express' well-known AMERICAN EXPRESS family of marks, and which incorporates the phonetic equivalent and conveys the same commercial impression as American Express' famous AMERICAN EXPRESS mark, in U.S. commerce in connection with financial services, namely mortgage brokerage services.

19.    On information and belief, Defendant sells and/or promotes his AMERICAN XPRESS MORTGAGE services via the Internet, as does American Express.

20.    On information and belief, Defendant has at least four people offering mortgage brokerage services under the AMERICAN XPRESS MORTGAGE mark.

21.    On information and belief, Defendant owns the website, www.mortgagexpress.net, where Defendant prominently displays his use of AMERICAN XPRESS MORTGAGE on the website homepage and throughout the website to promote, advertise, and provide information for his AMERICAN XPRESS MORTGAGE mortgage services. Defendant also provides consumers with Defendant's contact and ordering information, as well as an online form with which consumers can submit applications and pre-qualify for Defendant's services.

22.    Defendant's website at www.mortgagexpress.net allows customers to request contact from a mortgage agent by state of residence.

23.    Defendant's mortgage services include 100% financing mortgages.

24.     In or around April of 2007, American Express learned of the existence of a website americanxpressmortgage.com which incorporates an almost identical mark to that of the famous AMERICAN EXPRESS mark, where Defendant advertised and offered his AMERICAN XPRESS MORTGAGE mortgage brokerage services.

25.     On or around May 2, 2007, American Express' learned that Defendant is using AMERICAN XPRESS MORTGAGE in U.S. commerce in connection with the advertising, promotion, and sale of mortgage brokerage services.

26.     On or around May 2, 2007, American Express' outside counsel sent a cease and desist letter to Defendant expressing American Express' concerns with the Defendant's use of a mark nearly identical to the famous AMERICAN EXPRESS mark in a domain name and use of AMERICAN XPRESS MORTGAGE in connection with the offering of financial services. American Express requested that the domain name be transferred to American Express and that Defendant cease and desist all current and future use of the domain name, or anything else confusingly similar.  American Express also requested that Defendant change his company name from AMERICAN XPRESS MORTGAGE, so as not to resemble American Express' famous AMERICAN EXPRESS mark.

27.     In response, on or around May 4, 2007, Defendant cancelled the domain name registration for americanxpressmortgage.com.

28.     On or around June 5, 2007, American Express' outside counsel sent a letter to counsel for Defendant reiterating its concerns about use of AMERICAN XPRESS MORTGAGE as a company name and an offer to allow American Xpress Mortgage to phase out its use of AMERICAN XPRESS MORTGAGE over a three-month period.

29.     On or about July 9, 2007, American Express' outside counsel sent a facsimile to Defendant's counsel requesting immediate written assurances that Defendant would comply with American Express' requested actions to resolve the matter. The facsimile did not receive a response.

30.     Defendant's mortgage brokerage services are highly related to and/or complementary services to those advertised, promoted and sold by American Express in connection with its famous AMERICAN EXPRESS family of marks.

31.     Defendant's services are intended to be, and are in fact, targeted towards a substantial segment of the public that has long been familiar with American Express' services and the famous AMERICAN EXPRESS family of marks.

32.     On information and belief Defendant is the owner of, and exerts personal control over, the business decisions of American Xpress Mortgage. On information and belief, Defendant personally directs, controls, ratifies, sanctions, and/or personally participates in selecting and/or approving the trademarks used by American Xpress Mortgage. In particular, Defendant, acting as owner and primary decision maker, specifically personally directed, controlled, ratified, sanctioned, and/or personally participated in (1) the selection and/or approval of AMERICAN XPRESS MORTGAGE; (2) the selection and/or approval of the marketing materials and website marketing of AMERICAN XPRESS MORTGAGE and Defendant's products sold in connection with AMERICAN XPRESS MORTGAGE; and (3) the selection and/or approval of the use of the domain name www.americanxpressmortgage.com.

**COUNT I**
**Trademark Infringement**
**Under the Lanham Act, 15 U.S.C. §1114**

33.    American Express repeats and realleges as if fully set forth herein the allegations

of paragraphs 1 through 32 inclusive.

34.    Defendant's unauthorized use of AMERICAN XPRESS MORTGAGE in

connection with mortgage brokerage services is confusingly similar to American Express'

famous AMERICAN EXPRESS family of marks used in connection with financial and travel-

related goods and services.  AMERICAN XPRESS MORTGAGE incorporates the phonetic

equivalent, nearly identical spelling and same commercial impression as American Express'

famous AMERICAN EXPRESS family of marks.

35.    AMERICAN XPRESS MORTGAGE is used in connection with services highly

related and complementary to those offered in connection with American Express' famous

AMERICAN EXPRESS family of marks as Defendant's mortgage brokerage services are

essentially assistance in obtaining loans or lines of credit.  Additionally, Defendant registered the

domain name, www.mortgagexpress.net, and is using this website to advertise and provide

application processing for Defendant's AMERICAN XPRESS MORTGAGE mortgage

brokerage services throughout the United States.  The addition of the term "Mortgage" in

Defendant's use of AMERICAN XPRESS MORTGAGE does nothing to alleviate this

likelihood for confusion, as American Express has adopted and uses several marks consisting of

the AMERICAN EXPRESS mark and other letters or words.  Further, American Express is

associated in the minds of consumers for its financial services akin to mortgage services.  Thus,

consumers will reasonably assume that Defendant's use of AMERICAN XPRESS

MORTGAGE, which incorporates the term "AMERICAN EXPRESS" or its phonetic equivalent,

and which are used in connection with financial or financially-related services, originate from American Express. Furthermore, American Express' and Defendant's services are aimed at many of the same consumers and are offered in the same channels of trade, including the Internet.

36.    Defendant's unauthorized use of AMERICAN XPRESS MORTGAGE is likely to cause confusion, to cause mistake, or to deceive consumers into believing that Defendant's services are American Express' services, and/or that Defendant's services are in some way sponsored by or connected or affiliated with American Express or the services of American Express within the meaning of 15 U.S.C. § 1114.

37.    Defendant's unauthorized use of AMERICAN XPRESS MORTGAGE jeopardizes the entire goodwill symbolized by American Express' registrations and common law rights, causing serious and irreparable injury to American Express.

38.    American Express has requested that Defendant cease and desist from this unauthorized and infringing use of designations confusingly similar to American Express' famous AMERICAN EXPRESS family of marks, and Defendant has not complied with these demands despite notification of American Express' rights.

39.    Defendant's unauthorized adoption and continued use of a designation confusingly similar to American Express' famous AMERICAN EXPRESS family of marks, after being specifically apprised of American Express' registrations and common law rights, is willful and has been done with the intention of trading upon the goodwill built up by American Express in the famous AMERICAN EXPRESS family of marks.

40.    American Express is without an adequate remedy at law.

## COUNT II
### False Designation of Origin
#### Under the Lanham Act, 15 U.S.C. § 1125(a)

41.     American Express repeats and realleges as if fully set forth herein the allegations of paragraphs 1 through 40 inclusive.

42.     Defendant's unauthorized use of AMERICAN XPRESS MORTGAGE so resembles American Express' famous AMERICAN EXPRESS family of marks used in connection with nearly identical services as to be likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection or association of Defendant and his company with American Express, and as to origin, sponsorship or approval of Defendant's services, and other commercial activity within the meaning of 15 U.S.C. § 1125(a).

43.     Defendant's unauthorized use of AMERICAN XPRESS MORTGAGE jeopardizes the entire goodwill built up by American Express in the famous AMERICAN EXPRESS family of marks, causing serious irreparable injury to American Express, for which American Express has no adequate remedy at law.

## COUNT III
### Dilution
#### Under the Lanham Act, 15 U.S.C. § 1125(c)

44.     American Express repeats and realleges as if fully set forth herein the allegations of paragraphs 1 through 43 inclusive.

45.     Due to over a century and a half of continuous use and extensive advertising, promotion and widespread acceptance by the trade, American Express' AMERICAN EXPRESS mark has become famous within the meaning of the Lanham Act, 15 U.S.C. § 1125(c), and is highly regarded and respected by the general public and customers.

46.     Defendant's unauthorized use of AMERICAN XPRESS MORTGAGE began after American Express' AMERICAN EXPRESS mark became famous.

47.     Defendant's unauthorized use of AMERICAN XPRESS MORTGAGE in commerce in connection with mortgage brokerage services causes a likelihood of dilution by tarnishment and blurring of the distinctive quality of American Express' AMERICAN EXPRESS mark in violation of 15 U.S.C. §1125(c).

### COUNT IV
### Deceptive Acts and Practices
### Violation of New York General Business Law § 349

48.     American Express repeats and realleges as if fully set forth herein the allegations of paragraphs 1 through 47 inclusive.

49.     Defendant's unauthorized use of AMERICAN XPRESS MORTGAGE in connection with mortgage brokerage services is a deceptive act or practice in the conduct of a mortgage brokerage business as it is likely to cause confusion or misunderstanding as to affiliation, connection, or association with the services of American Express offered in connection with American Express' famous AMERICAN EXPRESS family of marks

50.     Defendant's unauthorized use of AMERICAN XPRESS MORTGAGE in connection with mortgage brokerage services jeopardizes the entire goodwill built up by American Express in its famous AMERICAN EXPRESS family of marks, causing serious irreparable injury to American Express for which American Express has no adequate remedy at law.

51.     By virtue of Defendant's acts hereinabove pleaded, said Defendant has violated New York General Business Law § 349 prohibiting deceptive acts and practices.

## COUNT V
### Trademark Infringement
### Violation of New York General Business Law § 360-k

52.     American Express repeats and realleges as if fully set forth herein the allegations of paragraphs 1 through 51 inclusive.

53.     Defendant's unauthorized use of AMERICAN XPRESS MORTGAGE in connection with mortgage brokerage services is likely to cause confusion or mistake or to deceive as to the source of origin of such services with the services of American Express offered in connection with American Express' famous AMERICAN EXPRESS family of marks.

54.     Defendant's unauthorized use of AMERICAN XPRESS MORTGAGE in connection with mortgage brokerage services jeopardizes the entire goodwill built up by American Express in its AMERICAN EXPRESS family of marks, causing serious irreparable injury to American Express for which American Express has no adequate remedy at law.

55.     By virtue of Defendant's acts hereinabove pleaded, said Defendant has violated New York General Business Law § 360-k prohibiting trademark infringement.

## COUNT VI
### Injury to Business Reputation and Dilution
### Violation of New York General Business Law § 360-l

56.     American Express repeats and realleges as if fully set forth herein the allegations of paragraphs 1 through 55 inclusive.

57.     Defendant's unauthorized use of AMERICAN XPRESS MORTGAGE in connection with mortgage brokerage services is likely to cause injury built up by American Express in its AMERICAN EXPRESS family of marks, causing serious irreparable injury to American Express for which American Express has no adequate remedy at law.

58.    Defendant's unauthorized use of AMERICAN XPRESS MORTGAGE in connection with mortgage brokerage services is likely to cause dilution of the distinctive quality of American Express' famous AMERICAN EXPRESS family of marks, causing serious irreparable injury to American Express for which American Express has no adequate remedy at law.

59.    By virtue of Defendant's acts hereinabove pleaded, said Defendant has violated New York General Business Law § 360-l prohibiting injury to business reputation and dilution.

**COUNT VII**
**Use of Name With Intent to Deceive**
**Violation of New York General Business Law § 133**

60.    American Express repeats and realleges as if fully set forth herein the allegations of paragraphs 1 through 59 inclusive.

61.    Defendant's unauthorized use of "American Xpress Mortgage" in connection with mortgage brokerage services is likely to deceive or mislead the public as to the identity of Defendant and/or Defendant's company, causing confusion or mistake or to deception as to the source of origin of such services with the services of American Express offered in connection with American Express' AMERICAN EXPRESS family of marks, thereby causing serious irreparable injury to American Express for which American Express has no adequate remedy at law.

62.    Defendant adopted and uses the trade name "American Xpress Mortgage" with intent to deceive or mislead the public as to affiliation, connection, or association with American Express.

63.    By virtue of Defendant's acts hereinabove pleaded, said Defendant has violated New York General Business Law § 133 prohibiting the use of a name or address with intent to deceive.

### PRAYER FOR RELIEF

WHEREFORE, American Express prays for a judgment against Defendant as follows:

A.    For a preliminary and a permanent injunction immediately restraining James Spurlin, doing business as American Xpress Mortgage, its officers, agents, servants, employees, attorneys, and all other persons in active concert or participation with them from:

(1)    using the AMERICAN XPRESS MORTGAGE mark or anything confusingly similar to American Express' marks in connection with the advertising, sale, or promotion of financial services, including but not limited to mortgage brokerage services;

(2)    using the mark "AMERICAN XPRESS MORTGAGE", or any marks comprised of or incorporating the terms "AMERICAN EXPRESS," or "AMERICAN XPRESS" or anything confusingly similar thereto in connection with the advertising, sale, or promotion of financial services, including but not limited to mortgage brokerage services;

(3)    using the mark "AMERICAN EXPRESS" or "AMERICAN XPRESS", or any marks comprised of or incorporating the terms "AMERICAN EXPRESS" or "AMERICAN XPRESS," or anything confusingly similar thereto in its domain names or on or in connection with its website(s) for use in connection with the advertising, sale, or promotion of financial services, including but not limited to mortgage brokerage services; and

(4)    holding out in any manner whatsoever that Defendant or Defendant's goods/services are in any way sponsored by, associated with, connected to, or affiliated with American Express, or the services of American Express.

B.    That any such injunction include a provision directing the Defendant to file with the Court and serve on American Express within thirty days after the service on the Defendant of such injunction, a report in writing under oath setting forth in detail the manner and form in which the Defendant has complied with the injunction, pursuant to 15 U.S.C. § 1116.

C.    That Defendant be directed to deliver to American Express during the pendency of this action and for subsequent destruction at the conclusion of this action, all products and materials of any nature whatsoever bearing AMERICAN XPRESS or anything confusingly similar thereto, or any reproductions or imitation of American Express's marks or registrations as alleged herein pursuant to 15 U.S.C. § 1118.

D.    That Defendant be required to make an accounting to American Express and be directed to pay over to American Express all gains, profits and advantages realized by Defendant from the sale of services bearing the infringing designation, pursuant to 15 U.S.C. § 1117.

E.    That Defendant be directed to pay to American Express all damages suffered by American Express in accordance with the law pursuant to 15 U.S.C. § 1117 and such damages to be trebled.

F.    That Defendant be directed to pay American Express' reasonable attorney's fees and all costs connected with this action pursuant to 15 U.S.C. § 1117.

G.    That American Express have such other and further relief that the Court may deem just and proper.

Respectfully submitted,

Louis Smith (LS 8851)
Laura A. Dwyer (LD 5111)
GREENBERG TRAURIG, LLP
MetLife Building
200 Park Avenue
New York, New York 10166
(212) 801-9200
(212) 801-6400 (fax)

Attorneys for Plaintiffs American Express Marketing & Development Corp. and American Express Company

Dated:  August 15, 2007
         New York, New York