## UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AMERICAN EXPRESS MARKETING & DEVELOPMENT CORP. (a Delaware corporation), AMERICAN EXPRESS COMPANY (a New York corporation)<br><br>Plaintiffs,<br><br>v.<br><br>JAMES HAROLD SPURLIN (an individual),<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>) Civil Action No. : 07-7317 (NRB)<br>)<br>)<br>) **AFFIRMATION OF SERVICE**<br>)<br>)<br>)<br>)<br>)<br>) |

LOUIS SMITH hereby affirms under penalty of perjury as follows:

1.    I am a Shareholder with Greenberg Traurig, LLP, counsel for Plaintiffs American Express Marketing & Development Corp. and American Express Company in the above-captioned matter.  I have personal knowledge of the facts set forth herein.

2.    On August 21, 2007, I sent to Irby E. Walker, Jr., counsel for Defendant James Harold Spurlin, a copy of the Complaint in this action, a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, and a means by which Defendant could return the signed Waiver to me without cost.  A copy of my cover letter and the Notice of Lawsuit and Request for Waiver of Service of Summons are attached as Exhibit A.

3.    Per a letter dated September 25, 2007, counsel for Defendant James Harold Spurlin forwarded to me an executed Waiver of Service of Summons.  A copy of that letter and the original Waiver of Service of Summons executed by Defendant Spurlin is attached hereto as Exhibit B.

I affirm under penalty of perjury that the foregoing is true and correct.  Executed on October 17, 2007.

_____
LOUIS SMITH

# EXHIBIT A

# Greenberg
# Traurig

Louis Smith
Tel. (973) 360-7915
Fax (973) 301-8410
smithlo@gtlaw.com

August 21, 2007

VIA FEDEX

Irby E. Walker Jr., Esq.
Irby E. Walker Jr., P.C.
212 Elm Street
Conway, SC  29526

Re:    **American Express Marketing and Development Corp. and
       American Express Company v. James Harold Spurlin
       07 CIV 7317, US District Court, Southern District New York**

Dear Mr. Walker:

I understand you represent James Harold Spulin.  Enclosed please find a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of Waiver of Service of Summons, and a Complaint in the above-captioned matter.  I request that you have Mr. Spurlin execute the Waiver of Service of Summons and return it to me in the enclosed self-addressed, stamped envelope.

If you have any questions, please do not hesitate to contact me.

Sincerely yours,

Louis Smith

Enclosure

**Notice of Lawsuit and Request for Waiver of Service of Summons**

TO:    James Harold Spurlin
3721 Wesley Street, Suite 123
Myrtle Beach, SC 29579

    A lawsuit has been commenced against you. A copy of the complaint is attached to this notice. It has been filed in the United States District Court for the Southern District of New York and has been assigned docket number 07 CIV 7317.

    This is not a formal summons or notification from the court, but rather my request that you sign and return the enclosed waiver of service in order to save the costs of serving you with a judicial summons and an additional copy of the complaint. The cost of service will be avoided if I receive a signed copy of the waiver within thirty (30) days after the date designated below as the date on which this Notice and Request is sent. I enclose a stamped and addressed envelope (or other means of cost-free return) for your use. An extra copy of the waiver is also attached for your records.

    If you comply with this request and return the signed waiver, it will be filed with the court and no summons will be served on you. The action will then proceed as if you had been served on the date the waiver is filed, except that you will not be obligated to answer the complaint before 60 days from the date designated below as the date on which this notice is sent (or before 90 days from that date if your address is not in any judicial district of the United States).

    If you do not return the signed waiver within the time indicated, I will take appropriate steps to effect formal service in a manner authorized by the Federal Rules of Civil Procedure and will then, as authorized by those Rules, ask the court to require you to pay the full costs of such service. In that connection, please read the statement concerning the duty of parties to waive the service of the summons, which is set forth on the waiver form.

    I affirm that this request is being sent to you on behalf of the plaintiffs, this **21st day of August, 2007**.

Louis Smith
Greenberg Traurig LLP
200 Park Avenue
Florham Park, New Jersey  07932-0677
*Attorney for Plaintiffs*
*American Express Marketing & Development Corp.*
*and American Express Company*

# EXHIBIT B

# Irby E. Walker, Jr., P.C.

### ATTORNEY(S) AT LAW

Tel. (843) 248-4481 • Fax (843) 248-8276

Post Office Box 1138 • 212 Elm Street
Conway, South Carolina 29528

September 25, 2007

Louis Smith
Greenberg Traurig LLP
200 Park Avenue
Florham Park, New Jersey 07932-0677

      RE:    American Express Marketing & Development Corp. (A Delaware corporation),
              American Express Company (A New York corporation) vs. James Harold Spurlin
              (an individual)
              Case No: 07 CIV 7317

Dear Mr. Smith:

      Enclosed please find an original Waiver of Service of Summons which Mr. Spurlin signed on today's date. I will be in contact with you in the next several days to see if this matter can be resolved.

      With kindest regards, I am

            Very truly yours,

            Irby E. Walker, Jr.

IEW\hd
enclosure

Irby E. Walker, Jr.
E-mail: www.irbywalker@aol.com

G. Miles Gordon
E-mail: www.gmilesgordon@aol.com

## Waiver of Service of Summons

TO:     Louis Smith
         Greenberg Traurig LLP
         200 Park Avenue
         Florham Park, New Jersey 07932-0677
         *Attorney for Plaintiffs*
         *American Express Marketing & Development Corp.*
         *and American Express Company*

I acknowledge receipt of your request that I waive service of a summons in the action of American Express Marketing & Development Corp. and American Express Company vs. James Harold Spurlin, which is case number 07 CIV 7317 in the United States District Court for the Southern District of New York. I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you within 60 days after August 21, 2007, or within 90 days after that date if the request was sent outside the United States.

_9-25-07_
Date

_(signature)_
Signature
Name:  James Harold Spurlin

Duty to Avoid Unnecessary Costs of Service of Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant who, after being notified of an action and asked to waive service of a summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or even its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against the defendant. By waiving service, a defendant is allowed more time to answer than if the summons has been actually served when the request for waiver of service was received.

Effective A/O 12/1/93 in compliance with
Federal Rules of Civil Procedure 4
SDNY Web 4/99